FILED
6/12/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES ANTONIO DEVON WRIGHT, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-908 (UNA) |
| SARAH B. LURE, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The Constitution limits the jurisdiction of the federal courts to deciding actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing "is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). To satisfy Article III standing, plaintiff must have at least "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citations omitted).  The injury must involve "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan*, 504 U.S. at 560 (citations, internal quotation marks, and internal alterations omitted).

      Plaintiff is in custody at the Larimer County Jail in Fort Collins, Colorado.  He has sued an attorney in Fort Collins, Colorado.  The complaint is unclear, but plaintiff generally references Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on specified classifications.  Plaintiff has not alleged any facts to establish his standing to sue under Title VII.  Therefore, this case will be dismissed by separate order.

                                      SIGNED:    EMMET G. SULLIVAN
                                      UNITED STATES DISTRICT JUDGE

DATE:  June 12, 2020